IN RE: THE MARRIAGE OF: DARRYL EICHER, JR., Appellant,
v.
TINA EICHER, Appellee.
No. 02A05-0904-CV-201.
Court of Appeals of Indiana.
January 29, 2010.
THOMAS C. ALLEN, Fort Wayne, Indiana, ATTORNEY FOR APPELLANT.

NOT FOR PUBLICATION

MEMORANDUM DECISION
BARNES, Judge.

Case Summary
Darryl Eicher appeals the trial court's order requiring him to pay $47 per week in child support. We reverse and remand.

Issue
Darryl raises one issue, which we restate as whether the trial court properly imputed income to him while he is incarcerated.

Facts
On October 21, 2006, Darryl and Tina Eicher were married. On March 23, 2007, Darryl was sentenced on a Class C felony conviction for sexual misconduct with a minor. Darryl's earliest possible release date is June 3, 2010. On September 26, 2007, the parties' child, A.E., was born. On April 28, 2008, Darryl petitioned for dissolution, and Tina eventually cross-petitioned. On March 3, 2009, the trial court granted Tina's petition for dissolution and awarded custody of A.E. to Tina. Although Darryl was incarcerated and Tina was unemployed, the trial court imputed income based on minimum wage to both of them. The trial court ordered Darryl to pay $47 per week in child support. Darryl now appeals.

Analysis
Initially we note that Tina did not file an appellee's brief. When an appellee does not file a brief, we have no obligation to undertake the burden of developing an argument on his or her behalf. Indiana Dep't of Envt'l Mgmt. v. Construction Mgmt. Assocs., L.L.C., 890 N.E.2d 107, 111 (Ind. Ct. App. 2008). "If the appellant's brief presents a case of prima facie error, we will reverse the trial court's judgment." Id. In this context, prima facie error is defined as at first sight, on first appearance, or on the face of it. Id. "If the appellant is unable to meet this burden, we will affirm." Id.
Darryl argues that the trial court improperly imputed income to him while he is incarcerated in the absence of evidence that he has another source of income. We agree. In deciding whether pre-incarceration income should be imputed to an incarcerated parent our supreme court has required that child support orders reflect the actual income or resources of an incarcerated parent. Lambert v. Lambert, 861 N.E.2d 1176, 1182 (Ind. 2007). Trial courts may not impute pre-incarceration wages, salaries, commissions, or other employment income to the incarcerated individual. Id. A trial court may, however, consider other sources of income when calculating support payments, and prisoners who have the capacity to pay higher support obligations should remain responsible for that support level. Id. "Moreover, a court could well order an increased support payment as soon as the incapacity caused by prison is removed from a non-custodial parent's ability to earn income." Id.
In accordance with Lambert, we conclude that the trial court erred in imputing income to Darryl while he is incarcerated. Instead, the trial court should have considered Darryl's actual income and resources in calculating his child support obligation.

Conclusion
Darryl has a made a prima facie showing that the trial court erred in imputing income to him while he is incarcerated. We reverse and remand for the trial court to calculate child support based on Darryl's actual income and to determine an appropriate prospective support order for when he is released from prison.
Reversed and remanded.
MATHIAS, J., and BROWN, J., concur.